UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

IN RE:                                                    CASE NO.:

PRESTON ELLIS
LAURA ELLIS
        Debtor(s)

_____/

## CHAPTER 13 PLAN
### Sixty Months

The Debtors submit the following Chapter 13 Plan

1.  The future earnings of the Debtor is submitted to the control and supervision of the Trustee, and the Debtors shall pay to the Trustee the sum of $1,122.19 for the duration of the Sixty Month Plan.

2.  From the payments so received, the Trustee shall make disbursements as follows:

## A.  PRIORITY CLAIMS

(1.)  The fees and expenses of the Trustee shall be paid over the life of the Plan at the rate of ten percent (10%) of the amount of all payments under the plan.

(2.) The **Internal Revenue Service**- is owed the sum of $1,816.00 for the debtors' 2009 and 2010 federal income taxes.  The Trustee shall pay the rate of $30.27 for the duration of the Sixty Month Plan at which time the debtors tax obligation shall be paid in full.

(2.)  **Stephen M. Witt, Attorney at Law**- is owed the sum of $2,000.00 for representing the Debtor(s) in this bankruptcy case which the Trustee shall pay at the rate of $200.00 per month for ten months until paid in full.  Thereafter, any remaining shall then be paid to the unsecured creditors as provided for in paragraph C below.

## B.  SECURED CLAIMS

(1)  **Heritage Bank of the South** holds a first Mortgage for Debtors primary place of residence, in the amount of $67,000.00.  The debtors are current with this debt and wish to pay this debt outside of the Plan.

(2.)  **Citimortgage** holds a second Mortgage on the Debtor's primary place of

residence in the amount of $42,000.00. The Debtors are current with this debt and wish to continue to pay said debt outside of the Plan.

(3.) **Heritage Bank of the South-** Holds a security agreement on the debtor's 2007 Chevy Silverado in the amount of $13,900.00. The debtor is current with this debt and wishes to pay the debt outside of the Plan.

## C. UNSECURED CREDITORS

(1.) Pursuant to the "Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income", the debtor has monthly disposable income in the amount of $1,122.19. Unsecured Creditors, including those secured creditors who have deficiency claims or whose liens have been avoided and who timely file proof of claim shall receive distribution pro rata. The unsecured creditors in this case shall receive a total distribution of $56,782.26. The Trustee shall distribute $779.70 for months 1-10, $979.70 for month 11-59 and $979.90 for month 60 amongst those unsecured creditors whose claims are timely filed and allowed.

## D. OTHER PROVISIONS

(1) Except for claims of governmental units; any creditor's claim filed after the Bar Date set by the Court will receive no distribution under this plan unless specifically provided for above, unless debtor files the same on behalf of a creditor.

(2) All creditors shall retain their lien to the extent permitted by 11 U.S.C. Section 506(d), except as the underlying debts are extinguished under this Plan.

(3) To satisfy the requirements of Section 365 of the Bankruptcy Code, Debtors hereby assume all leases and contracts.

(4) Title to the Debtors' property shall revest in the Debtors upon confirmation of this Plan.

DATED: this ___11th___ day of May, 2011

/s/ Stephen M. Witt
Stephen M. Witt
Attorney for Debtor
P.O. Box 2064
Lake City, Florida 32056
(386) 755-2863
Florida Bar No.: 231916